Hon. Morley C. Townsend Hanover Town Counsel, Buffalo
This is in response to your letters wherein you write as the Town Counsel for the Town of Hanover. You state that the Hanover Sewer District was duly created in 1971 and a maximum amount to be expended for said improvement district was established. Thereafter, as a result of changes to the sewer system and inflation, the estimated total construction cost of the improvement district had risen above the approved maximum. In 1977, the increase in expenditure was approved pursuant to section209-h of the Town Law. In April 1979, however, the Town was advised that a revised estimate for the completion of the sewer district improvement would be almost 40% higher than the 1977 estimate. You ask what would happen if the property owners of the District refused to approve of the increase. You further state that the Chautauqua County Department of Health has determined that virtually all of the homes located within the sewer district are in violation of the county health regulations and that the only possible correction would be for the homes to connect into a sewer system.
The Town Law sets forth the procedure to be followed whenever there is an increase in the amount proposed to be expended in an improvement district. Depending on whether the town proceeds under Articles 12, 12A or 12C of the Town Law, the town must comply with the provisions in sections 202-d, 209-h or 209-q (5), respectively. You state that the Town desires to proceed again under Article 12A and therefore must follow the procedure prescribed in section 209-h. We can find no authority to permit the waiver of the aforesaid provisions of the Town Law whenever a town seeks to exceed the maximum amount originally proposed to be expended in an improvement district, irrespective of the necessity to establish or complete an improvement. Therefore, it is our opinion that, if the property owners in the Hanover Sewer District refused to approve the increase in the maximum amount which may be spent for the subject improvement, the Town cannot legally make payment for the additional cost.
We would be remiss, however, if we did not comment on the potential effect of the determination made by the Chautauqua County Department of Health. The Department can take measures to enforce the county's sanitary code by seeking civil or criminal sanctions (Public Health Law, §§308, 309, 347, 348, 1308) and we have been advised that such measures will be taken if the homes within the sewer district in violation are not connected with the sewer system. Therefore, even though the property owners have the option to refuse to approve the increase, their homes may be rendered uninhabitable if the sewer district improvement is not completed.